**Pattie Rhea ADAMS, et al., Plaintiffs,**

v.

**VIRGINIA CABLE SPECIALTIES, INC., et al., Defendants.**

**Civ. A. No. 89–1529.**

United States District Court, District of Columbia.

March 23, 1990.

---

Samuel C. Hamilton, Silver Spring, Md., for plaintiffs.

Joyce M. Notarius, Washington, D.C., for Virginia Cable.

H. Patrick Donohue, Rockville, Md., for Citizens.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This case comes before the Court on a motion for summary judgment pursuant to Fed.R.Civ.P. 56 filed by defendant The Citizens and Southern National Bank ("Citizens"). Defendant argues that the limitations period applicable to this action expired prior to the date on which plaintiffs' amended complaint—which names Citizens as a party defendant—was filed. Plaintiffs oppose the motion and assert that the limitations period does not bar this action because the amended complaint relates back to the filing of the original complaint, which was timely filed. After careful consideration of the motion, the opposition thereto, and the record in this case, the Court concludes that the motion for summary judgment should be denied.

### I.

Plaintiffs filed this action against defendant Virginia Cable Specialties, Inc. ("Virginia Cable"), on May 26, 1989. Plaintiffs' claims arise out of an "slip and fall" accident which is alleged to have occurred on September 10, 1986. The parties agree that the original complaint was filed within the applicable three-year limitations period. *See* D.C.Code Ann. § 12–301(8) (1981).

According to plaintiffs, their failure to name Citizens as a party defendant in addition to defendant Virginia Cable resulted from erroneous information provided by Citizens. Plaintiffs sought to bring suit against the contractor/subcontractor working at the accident location when the incident occurred. Plaintiffs submitted a letter, dated May 14, 1987, from Citizens to plaintiffs' counsel responding to plaintiffs' inquiries which identifies Virginia Cable as the subcontractor. Plaintiffs claim that they have learned through discovery that Citizens was, in fact, the subcontractor on duty.

On October 16, 1989, plaintiffs filed a motion for leave to file an amended complaint. The amended complaint added Citizens as a defendant to this action. The Court granted plaintiffs' motion on December 1, 1989 and plaintiffs' first amended complaint was filed. The parties also agree that the first amended complaint was filed after the applicable limitations period.

### II.

Summary judgment is proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Since defendant, the party moving for summary judgment, has the burden of proving

the lack of any genuine issue of fact, the Court must view the available facts in the light most favorable to the plaintiff. *Minihan v. American Pharmaceutical Ass'n*, 812 F.2d 726, 727 (D.C.Cir.1987).

The Court finds that summary judgment is unwarranted because the first amended complaint relates back to the original complaint such that the statute of limitation will not bar this action. Federal Rule of Civil Procedure 15(c) governs relation back of amendments. In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court held that relation back to the date of the original pleading of an amendment adding a party is dependent on four factors: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice of the institution of the action that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone*, 106 S.Ct. at 2384.

The Court finds that these conditions are satisfied here. The same occurrence—the slip and fall accident—is involved. Plaintiffs have also established that Citizens received the notice that is required by Rule 15(c). That rule states that the newly named party must have "received such notice of the institution of the action that he will not be prejudiced." Fed.R.Civ.P. 15(c)(1). The required notice under Rule 15(c) may be formal or informal. *See* Fed. R.Civ.P. 15(c) advisory committee's note. Plaintiffs contend that Citizens had notice of the accident as early as 1987, well within the limitations period. They assert that they informed Citizens of the September 10, 1986 incident and discussed plaintiffs' claims. To support this claim, plaintiffs rely on the correspondence from Citizens to counsel for plaintiffs which identifies defendant Virginia Cable as the subcontractor. The notice described by plaintiffs consists of notice of the incident and a possible lawsuit. Citizens does not deny prior knowledge of the possible pendency of the action and has made no claims of prejudice in having to defend this action. Under these circumstances, the Court finds the notice to be satisfactory under Rule 15(c).

Finally, plaintiffs argue that the reason Citizens was not named as a defendant in the original complaint was due to Citizens' misconduct in not identifying itself at any time as the subcontractor. Although it is not so apparent that such is the case, this Court must accept plaintiffs' counsel's claims as true because Citizens has offered no evidence to the contrary. Given that, naming defendant Virginia Cable as a defendant was reasonable in light of the fact that plaintiffs' counsel was apparently misled by Citizens when he inquired about the contractor on the job. Moreover, it is well recognized that if a party sought to be added to a complaint misleads a plaintiff as its identity, the new defendant will be estopped from asserting a statute of limitations defense. 6A C. Wright & A. Miller, Federal Practice and Procedure § 1500 (1990).

The Court therefore concludes that the amended complaint naming Citizens as a defendant relates back, for the purpose of the statute of limitations, to the date that the original complaint was filed. Accordingly, defendant Citizens's motion for summary judgment should be denied.

In view of the foregoing, it is hereby

ORDERED that defendant Citizens' motion for summary judgment is denied.